Samuel HERMAN, Plaintiff,

v.

**LABOR COOPERATIVE EDUCATIONAL
AND PUBLISHING SOCIETY,**
Defendant.

Civ. A. No. 4209–53.

United States District Court
District of Columbia.

March 13, 1956.

Kenneth N. Parkinson, Joseph L. Nellis, Washington, D. C., for plaintiff.

Burton K. Wheeler, Robert G. Seaks, Robert M. Scott, Washington, D. C., for defendant.

YOUNGDAHL, District Judge.

Plaintiff seeks damages for libel. Defendant has moved for summary judgment dismissing the complaint while plaintiff seeks partial summary judgment that the articles complained of are libelous *per se,* were printed maliciously without justification in fair comment or the protection of privilege or otherwise. Plaintiff requests the Court to decide only the issue of liability, saving the assessment of damages for a jury.

Defendant, Labor Cooperative Educational and Publishing Society, publishes a weekly newspaper of news and editorial material called Labor which is distributed nationally and internationally. Plaintiff alleges that defendant caused to be published in Labor two articles discussing and commenting upon the banning of plaintiff from practice as an attorney before the International Claims Commission (now the Foreign Claims Settlement Commission) for allegedly unethical conduct in soliciting clients for private purposes; that such articles contain false, scandalous and defamatory material imputing dishonesty, moral turpitude and the commission of a crime to plaintiff, thereby injuring his name and reputation and diminishing his professional standing throughout the United States. Plaintiff further contends that defendant published the material maliciously, with an intent to injure his name and reputation, having knowledge of falsity in the statements at the time of publication.

It is the position of defendant that the sting or substance of the matter alleged to be defamatory is true; that it is the truth which has hurt plaintiff rather than any misstatements of fact or commentary; and that, in any event, a defense need not be offered as to every word in an allegedly defamatory publication. Defendant denies that the material is malicious or was so intended and contends that the articles are protected by what must be considered a conditional privilege, i. e., the newspaper, being prompted by an honest desire to present to public scrutiny the misconduct of a public official in the administration of his public duties, may not be held for libel even though it publishes misstatements of fact, so long as it was not done maliciously, was for a valid purpose and was executed with good motives. Defendant also summons to its defense the doctrine of fair comment.

■ The law of defamation presents difficult questions and there is much confusion in the field. Although constituting a distinct type of civil wrong, inasmuch as the subject matter is concerned with words and human understanding and the nature of the harm it occasions is relatively abstract, it is a branch of tort law, no different from other civil wrongs, and consequently should not be treated differently. The courts must and should determine whether the evidence submitted creates issues upon which reasonable men may differ, the existence or non-existence of any legal duty which may be involved, and the general standard of conduct which the law exacts. In cases where reasonable men could not differ on the facts, the Court itself may determine the facts. Where reasonable men might differ, the jury is left to resolve the facts and impose liability in accordance with the law as the Court gives it.

Applying these fundamentals to this libel action, issues of fact and law are analyzed in the following sequence and manner:

■ Are the words defamatory? This question must be separated into three subsidiary questions, the first two being issues of fact, the third, one of law. *First*: What do the words mean? Do they have a meaning which would be understood identically by all readers or would a special group of readers, possessed of some private and singular knowledge, understand them differently from ordinary readers? If the words, in fact, have a unique meaning for special readers and such meaning is of consequence, it should be alleged in the complaint or only the ordinary meaning will be considered. Neither judge nor jury can be expected voluntarily to ascribe to the words used an uncommon meaning. The judge may settle the meaning only when the proof is clear, either before trial from a reading of the material, or with supporting affidavits, or after trial, on motion, upon evaluation of all the evidence. This meaning may then be translated into other words to convey such understanding. It should at least be done where some misunderstanding might otherwise result. The Court is of the opinion that the meaning of the words used here is so clear as to require no translation. *Second*: What effect does this meaning have on the reader? In this case the ordinary readers would regard plaintiff with ill-feeling and hostility; his reputation and esteem would be lessened in their eyes and they would regard him with dishonor and even disdain. *Third*: Is this effect the type for which the law gives recovery in a libel action? The Court holds that it is, as plaintiff's name and reputation have incurred relational damage. The articles contain material libelous *per se*, rendering unnecessary allegation or proof of special damages. Material fits into the category of what is commonly termed libelous *per se* when (a) the meaning which ordinary readers would understand is so clear as to be resolved by the Court; (b) the effects of this meaning on ordinary readers is so clear that it also can be decided by the Court, and (c) the effect is one which the law regards as actionable.

■ Though words may be defamatory, if they are true, plaintiff has suffered no injury for which he may recover in a libel action. But what must be shown to make truth a complete defense? This necessitates a twofold inquiry, the first being factual, the second legal. *First*: The meaning of the words involved must be compared with the facts as stipulated or proven. *Second*: Having determined the degree to which the proven facts correspond to the meaning, a legal question arises as to whether this degree constitutes a complete defense in law. If the actual facts proximate the meaning of the words so closely as to be virtually indistinguishable, then in contemplation of law, truth is a complete defense. By "virtually indistinguishable" is meant substantial, not absolute, truth. Thus, where the facts correspond to the meaning as to all but certain in-

**38**

consequential incidents and it is the truth which injures plaintiff, a complete defense to a libel action exists. Often this idea is expressed by use of the terms "sting" or "substance", by which is meant that the allegedly defamatory material is sufficiently true so that the resulting harm would have been the same whether the minor misstatements had been included or not. On the other hand, if these minor untruths independently contributed to the harmful effect, damages may be awarded plaintiff in the amount in which the trier of fact determines the minor untruths to have injured plaintiff, or recovery may be denied if the minor untruths are found to be *de minimis*. There are not enough undisputed facts in this record to adjudge the defense of truth.

 In matters of public interest and legitimate public concern, it is recognized that the importance of discussion and criticism is so great as to warrant immunity even as to foolish and prejudicial comments when they are grounded in fact and made without malice. This is the doctrine of fair comment in the District of Columbia. Less well recognized, but of equal importance to community well-being is a qualified immunity from civil suit for statements relating to the performance of public officials in administering public affairs.[1] This doctrine bestows upon a defendant a greater cloak of protection than does fair comment because it shelters misstatements of fact as well as comment. However, something less than malice will defeat this conditional privilege insofar as it is conditioned upon good motives and legitimate purpose. Thus defendant is not entitled to publish defamatory misstatements of fact without reasonable grounds for a belief of truth, with conscious indifference to truth, or without ascertaining reasonably available facts. Only honest and unintentional mistakes of fact are protected. There

is a sharp dispute as to this. Testimony will have to be taken.

 While the Court is satisfied that the articles contain defamatory material, libelous *per se*, the record either is in dispute or incomplete as to the application and/or sufficiency of truth, fair comment, or conditional privilege as defenses. These questions as well as that of damages, if any are to be awarded, must be resolved by a jury. Neither party is entitled to summary judgment.

---

1. Sweeney v. Patterson, 1942, 76 U.S.App.D.C. 23, 128 F.2d 457, did not reach the question of privilege.